IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-581-RJC-DCK

| | |
|---|---|
| JOSEPH B. LAMBERT,<br><br>        Plaintiff,<br><br> v.<br><br>FIRST TENNESSEE BANK NATIONAL ASSOCIATION, FIRST HORIZON BANK, FIRST HORIZON HOME LOAN CORPORATION, FIRST HORIZON NATIONAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES I-XX.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   MEMORANDUM AND<br>)   RECOMMENDATION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss And Motion To Strike (In The Alternative)" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u> in part and <u>granted</u> in part.

## I. BACKGROUND

*Pro se* Plaintiff Joseph B. Lambert ("Plaintiff" or "Lambert") initiated this action with the filing of a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, Case No. 19-CVS-18796, on September 25, 2019. (Document No. 1-1). Defendants First Horizon Bank ("FH Bank"), successor by conversion to First Tennessee Bank National Association ("First Tennessee"), successor in interest by merger to First Horizon Home Loan Corporation ("FH-HLC"), First Horizon National Corporation ("FH National"), and Mortgage Electronic

Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a "Notice Of Removal" (Document No. 1) on October 30, 2019. Plaintiff then filed a "First Amended Complaint" (Document No. 6) (the "Amended Complaint") on November 12, 2019.

The Amended Complaint asserts the following claims for relief: (1) Material Misrepresentation and Fraud in violation of N.C.Gen.Stat. § 53-244.111(8), 18 U.S.C. § 1341, and 12 C.F.R. § 1014.3; (2) violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C.Gen.Stat. § 75-1.1; (3) Breach of Contract in violation of 12 C.F.R. § 1014.3 and Chapter 25 of North Carolina General Statutes; (4) violation of the Real Estate Settlement Procedures Act ("RESPA") pursuant to 12 U.S.C. § 2605, 12 C.F.R. § 1024.36; (5) violation of the Truth in Lending Act ("TILA") pursuant to 12 U.S.C. § 1026 *et seq.*, 15 U.S.C. § 1601 *et seq.*; (6) Taking and Conversion in violation of 18 U.S.C. § 641 and N.C.Gen.Stat. § 14-90; (7) Unjust Enrichment in violation of "North Carolina law" and 18 U.S.C. §2259; and (8) and "Emotional Distress." (Document No. 6, pp. 66-78).

Plaintiff's claims seem to arise from Defendants' alleged violation of "the terms of an Agreement executed on December 31, 2014 . . . and Modification of the Note and Deed of Trust … with respect to plaintiff's mortgage." (Document No. 6, p. 2). Plaintiff contends that "defendants made unilateral changes in the monthly amounts billed to plaintiff" that were not requested by Plaintiff and thus "breached the Note and Agreement." (Document No. 6, pp. 2-3). Plaintiff accuses Defendant(s) of "fraudulent manipulation of plaintiff's unpaid balance from 2015 to the present." (Document No. 6, p. 5). Plaintiff sought to make payments that would reduce the principal amount owed, but those payments were allegedly not applied by Defendants as Plaintiff intended. (Document No. 6, pp. 6-8).

"Defendants' Motion To Dismiss And Motion To Strike (In The Alternative)" (Document No. 8) and "…Brief In Support Of Motion To Dismiss" were filed on November 26, 2019. By the pending motion, Defendants seek dismissal of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative, to strike the Amended Complaint for a more definite statement pursuant to Fed.R.Civ.P. 12(e). (Document No. 8, p. 1). "Plaintiff's Opposition To Defendants' Motion…" (Document No. 13) was filed on December 19, 2019, and Defendant's "Reply In Further Support…" (Document No. 16) was filed on January 13, 2020. Plaintiff, without leave of Court, filed a "Surreply" on January 24, 2020. See Local Rule 7.1(e).

The pending motion is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

"Under Fed.R.Civ.P. 12(e), a Court may require a party to cure defects of a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. The Court has discretion to treat vague pleadings under either Rule 12(b)(6) or Rule 12(e)." Ray Communications, Inc. v. Clear Channel Communications, Inc., 2009 WL 159608 at *4 (E.D.N.C. Jan. 21, 2009) (citing C. Wright & A. Miller, 5C Federal Practice & Procedure § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.")).

### III. DISCUSSION

According to the Amended Complaint, Plaintiff's "original Balloon Note was taken on January 30, 2007 for his property at the Meadows of Mint Hill." (Document No. 6, pp. 6, 14).

4

There was a modification on or about December 2, 2011, and then a "Second modification of the Note and Deed of Trust (the "Security Instrument") was entered into on 12/31/2014 …(the "Agreement"). (Document No. 6, pp. 7, 14-15). Prior to the Agreement, Plaintiff and First Tennessee entered into a Settlement Agreement that purportedly resolved "all issues, allegations, and controversies" for the period January 30, 2007 through December 30, 2014. (Document No. 6, p. 15). The Settlement Agreement followed a lawsuit, Case No. 14-CVS-185257, "brought by plaintiff against [First Tennessee] before this Court in October 2014."[1] Id.

Although Plaintiff states that the referenced action was brought "before this Court," the undersigned was unable to find a record of such action. Presumably, Plaintiff is referring to an action initiated and resolved in state court. However, the undersigned's search did reveal another related action: Joseph B. Lambert v. Bank of America, N.A., et al., 3:15-CV-454-MOC-DSC. Plaintiff's lawsuit against Bank of America was also removed to this Court from Mecklenburg County Superior Court, Case No. 15-CVS-16374, and involved claims including breach of contract, fraud, and misrepresentation, arising "out of the financing of the property located at 12115 Jumper Drive, Mint Hill." 3:15-CV-454-MOC-DSC, (Document No. 1, p. 3). The factual background and allegations in that action are remarkably similar, if not identical in places, to the instant action. See 3:15-CV-454-MOC-DSC, (Document No. 1-1). Notably, the underlying mortgage agreements in the Bank of America case and this case seem to have been executed on the same date and secured by the same property in Mint Hill, North Carolina; moreover, there appear to be few, if any, differences between the alleged violations of the defendants in the two cases.

---

[1] Plaintiff acknowledges that his 2014 lawsuit against First Tennessee brought "similar allegations contained in plaintiff's Amended Complaint." (Document No. 13, p. 4). Plaintiff contends he is "not at liberty to discuss the details" of the Settlement Agreement. Id. (citing Document No. 6, ¶38).

In this case, Plaintiff contends he met his obligations under the Agreement by "consistently making monthly payments in excess of the minimum payment due." Id. Plaintiff suggests that Defendants breached the Agreement by "converting plaintiff's partial prepayment to interest for their own use or gain" instead of applying those payments to the principal amount owed. (Document No. 6, pp. 7-9). The Amended Complaint also alleges that beginning in 2015, "defendants breached the Agreement by consistently billing principal and interest due that were less than the required monthly payment of $319.91 under the terms of the Agreement." (Document No. 6, p. 21). …

Defendants argue that the Amended Complaint is defective and vague. (Document Nos. 8, 8-1). Defendants request that if the Court is not inclined to dismiss this lawsuit outright, Plaintiff should be required to "present separate, clearly labeled claims, with clear factual allegations outlined and the defendants named for each." (Document No. 8, p. 5). The deficiencies Defendants identify, *inter alia*, include: (1) MERS is not a proper party to this case; (2) First Horizon Home Loan Corporation ("FH-HLC") is not longer a viable entity; (3) the claims for misrepresentation and fraud lack sufficient particularity under Rule 9; (4) the factual allegations do not include egregious conduct to support an UDTPA claim; (5) breach of contract is barred by three-year statute of limitations as demonstrated by Plaintiff's identification of alleged breach/violation(s) in early 2015;[2] (6) Defendants fulfilled their RESPA obligations; (7) TILA claims are time-barred by one-year statute of limitations; (8) unlawful taking and conversion claims are barred by the economic loss rule; (9) unjust enrichment is claim barred by valid contract; and (10) "emotional distress" is not a recognized basis for a cause of action. See (Document No. 8, pp. 4-5); see also (Document No. 8-1).

---

[2] The parties might consider the impact of Plaintiff's multiple similar lawsuits on what he knew or should have known about the alleged injuries in this action, and when he should have known it.

Because the undersigned will recommend that the Amended Complaint be further amended, rather than dismissed, the undersigned will respectfully decline to state an opinion on Defendants' arguments. However, Plaintiff is advised that Defendants present compelling arguments that deserve serious consideration.

To his credit, Plaintiff has already conceded in his response in opposition that FH-HLC should be dismissed from this lawsuit and that his TILA claim fails. (Document No. 13, pp. 5, 10, 13). Plaintiff appears to be otherwise skeptical of Defendants' arguments and reluctant to seize the opportunity to amend his pleading. (Document No. 13).

Defendant's reply brief effectively re-asserts and bolsters their original arguments. (Document No. 16). Similarly, Plaintiff's surreply re-asserts most of his arguments. (Document No. 17). Plaintiff also asserts in his surreply that facts alleged in his response and surreply, along with the Amended Complaint, support his claims. Id.

The undersigned finds that Defendants have persuasively identified defects in the Amended Complaint. Moreover, Plaintiff agrees that at least one Defendant and at least one claim should be stricken and seems to suggest in his briefing that he now has additional factual support. Under these circumstances, and instead of dismissing any of *pro se* Plaintiff's claims at this early stage, the Court should exercise its discretion and direct Plaintiff to file a Second Amended Complaint that more precisely presents the facts, issues, and claims in this matter. The undersigned suggests that a clear and concise presentation of the facts (including related legal actions) and allegations would be helpful. Moreover, Plaintiff (and/or his counsel) should carefully consider Defendants' arguments and cited authority before re-asserting claims that may not be viable.

In short, the undersigned concludes that directing the *pro se* Plaintiff to file a Second Amended Complaint would serve the interests of judicial economy and efficient case management,

7

as well as the Court's and the parties' interests in resolving this dispute on the merits. The undersigned is also persuaded that this matter, which appears to be related to a lengthy litigation history and perhaps is based on misunderstandings and/or accounting mistakes, is ripe for early resolution by the parties. Defendants contend this lawsuit is based on Plaintiff's "flawed misunderstanding of the accounting underlying Defendants' Loan," but it does not appear that the parties have to date made any good faith efforts to address the purported misunderstanding. (Document No. 8-1, p. 3; Document No. 16, p. 8). The Court respectfully encourages Plaintiff to retain counsel who may assist in drafting an amended pleading and/or negotiating a resolution with Defendants' counsel.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss And Motion To Strike (In The Alternative)" (Document No. 8) be **DENIED in part** and **GRANTED in part**; specifically, Defendants' request to dismiss Plaintiff's claims should be **denied without prejudice**, and Defendants' alternative request to strike for a more definite statement pursuant to Fed.R.Civ.P. 12(e) should be **granted**. As such, *pro se* Plaintiff should be directed to file a Second Amended Complaint within thirty (30) days.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the

8

District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 12, 2020

David C. Keesler
United States Magistrate Judge